BLUEBIRD MIN. Co., Limited, *v.* MURRAY *et al.*

(*Circuit Court, D. Montana.* February 4, 1891.)

REMOVAL OF CAUSES—TRANSFER FROM TERRITORIAL COURTS.
   The twenty-third section of the act of congress, providing for the admission of Montana and other territories into the Union, provides for the direct transfer from the territorial courts of causes pending therein to the successors of said courts, and does not authorize the removal under any circumstances of a cause from a state court to a United States circuit court.

(*Syllabus by the Court.*)

In Equity.
*Vaile & Wolcott, W. W. Dixon, M. Kirkpatrick,* and *Forbis & Forbis,* for plaintiff.
*Wm. Scallon* and *F. W. Cole,* for defendants.

HANFORD, J. Upon a motion to remand this cause to the district court for the second judicial district of the state of Montana, counsel have with earnestness and ability argued the questions as to whether this case is one arising under the constitution and laws of the United States, and whether, considering its origin and previous history, it is a case of which this court can take jurisdiction.

I am constrained to decide that the court is without jurisdiction, and to remand the cause to the state court, which in my opinion is the only court having, at the present time, power to take cognizance of it; and I do so without considering the subject of the controversy. The case was commenced in September, 1889, in a district court of the territory of Montana, and the pleadings were made complete in that court. After the state government of Montana had become operative, the defendants made an application to the district court of the second judicial district of the state for relief from the binding obligation of a restraining order granted by the territorial court, which application, after a hearing of affidavits and arguments in behalf of the parties on both sides, was granted, and from that order the plaintiff appealed to the supreme court of the state. The defendants appeared in the supreme court, and moved to dismiss the appeal, not on the ground that the district court had not acquired jurisdiction of the cause in due course of procedure, as successor of the territorial court, but solely on the grounds (1) that the supreme court had no jurisdiction of the appeal or case; (2) that the order sought to be appealed from was not appealable; and (3) that no exception was taken to said order, and there was no bill of exceptions

in the record. This motion to dismiss was denied, and, upon consideration of the merits, the supreme court affirmed the order. *Mining Co.* v. *Murray,* 9 Mont. 468, 23 Pac. Rep. 1022. After this decision the defendants, by petition to the said district court, obtained an order from that court for the transfer of the case to this court. A certified copy of the last-mentioned order has been filed herein, and a number of detached papers have also been filed here, which 1 assume are the papers in the case, although they are not certified by any officer of either territorial or state court or this court, and there is no transcript of the record of proceedings in the case. The facts recited have been gleaned from the uncertified papers referred to and from the unchallenged statements of counsel in the argument before me. 1 do not intend to assert that any court can lawfully predicate a decision upon facts ascertained in this way, or to encourage a loose practice in this respect; but, as counsel for the parties have argued upon an assumed state of facts, 1 prefer to rest my decision upon grounds other than the lack of information by an official certificate.

It is not even contended that the general laws of the United States providing for the removal of causes from the courts of a state to the United States circuit courts have been complied with in this instance, or that by virtue thereof this court has been invested with any jurisdiction of the parties or the subject-matter. Section 23 of the enabling act (25 U. S. St. 683) is the only law relied upon to support the claim that the case has been brought within the jurisdiction of this court. A close reading of this statute, however, will necessarily lead to the conclusion that such support cannot be found there. This act clearly was intended to provide for the succession to the power and jurisdiction of the courts of the several territories which by the act were enabled to form state governments, and enter the Union as states, and for the transfer of cases pending in said territorial courts to the courts respectively which should become successors thereof; and it is equally clear that by the terms of the act each case must be transferred direct from the territorial court in which it was pending to the court which as to such case should be successor to such territorial court, and that, after the transfer so provided for shall have been actually effected, no second transfer of the case from the court which shall have acquired jurisdiction of it to any other court can, by virtue of any provision of said statute, be lawful. This act does not provide for nor authorize the removal of any cause from any state court to any national court under any circumstances whatever. It is true that the statute is somewhat difficult to understand and to execute, in that the United States circuit and district courts, which as to certain causes are made successors to the territorial courts, were not organized in time to assume actual jurisdiction instantly upon the extinction of the territorial courts; and no rule is prescribed as to the time within which the written request, required in such cases as this to transfer them to the national courts, must be filed, and the provision that such request must be filed in the proper court is ambiguous. Nevertheless, when the object of the statute and all its provisions are considered, there

is but little room for differences as to its important requirements; for one thing there must be a written request to have a case to which the United States is not a party transferred to a United States court, or else it must be proceeded with in a state court. It may be assumed that the peti-tion in this case for the transfer to this court is sufficient as a written re-quest, as nothing different, either as to form or substance, is specifically required. The proper court in which to file the request, in my opinion, would be whatever court might, through its own officers, give effect to the law, by causing the papers and record of the proceedings in the cause to be placed in the custody of the officers of the proper circuit or district court. In my opinion a request might have been properly filed in the territorial court during its existence; and, if so filed, the clerk of such territorial court would have been in duty bound to see that the papers and record of the cause were in due time placed in the custody of the proper national court. On the other hand, I have heretofore de-cided, in a case entitled *Carr* v. *Fife*, 44 Fed. Rep. 713, that the request was properly filed in a state court which had never assumed or exer-cised jurisdiction of the cause, but whose clerk had, before the organi-zation of the national courts for the district, received actual possession of the record and papers of the cause. I still hold to that opinion, and it is in harmony with the decision made by Judge KNOWLES in the case of *Strasburger* v. *Beecher*, 44 Fed. Rep. 209. But, obviously, in what-ever court the request may be properly filed, to be effective it must be filed in time to guide the officers of the respective courts in the actual transfer of the case, and it is too late after the fact of succession by a state court shall have actually occurred, by reason of such court having, with the knowledge and acquiescence of all the parties, by a positive act assumed jurisdiction. For this reason, the request in this case was too late, and not effectual to oust the state court of the jurisdiction which it had undoubtedly acquired.

This decision is not predicated upon the idea that by laches or any act there has been a waiver of any right by either party, but upon the principle that where a state court has lawfully acquired jurisdiction of a cause no transfer of that jurisdiction to a national court can be made otherwise than according to the provisions of a law authorizing it.